FILED
United States Court of Appeals
Tenth Circuit

February 13, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

RON GATEWOOD,

    Plaintiff - Appellant,

v.

VA GOV. COMPENSATION,

    Defendant - Appellee.

No. 18-1023
(D.C. No. 1:17-CV-02796-LTB)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **McKAY**, and **BALDOCK**, Circuit Judges.
_____

In November 2017, Plaintiff Ron Gatewood, a pro se litigant, filed a Title VII complaint in the District of Colorado. Plaintiff named "VA GOV. Compensation," Barbara Martinez, and "Field Offices" as Defendants but did not allege any facts suggesting Plaintiff was or ever had been an employee of any of these Defendants. Magistrate Judge Gordon P. Gallagher determined this complaint failed to comply with Fed. R. Civ. P. 8, as Plaintiff did not set forth a short and plain statement of the facts showing he was entitled to relief, and noted to Plaintiff that Title VII only applies in the employment context. Magistrate Judge Gallagher ordered Plaintiff to file an amendment complaint that satisfied Rule 8 within thirty days.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In December 2017, Plaintiff filed an amended complaint, this time naming "VA-Gov-Compendsation [sic], et al." as Defendants. In this amended complaint, Plaintiff alleged his first claim of relief was "For The Comp-pension pension-ret-vet age 60 Sept 2018. Gatewood u.s. VA-Gov-Compendsation et. al. For the record the VA Gov. in violated a congressional fed circuit app. last ten years." His second claim of relief stated, "With unlawful employment practices. Under Title VII discrimination acts. Pro-se attah 8pages civil rights act 42 USC-&2000. in violateion of VA-Gov-Compendsation claim. All final mandate for judgement award." On January 10, 2018, the district court dismissed the complaint without prejudice because it was "unintelligible and fail[ed] to comply with the pleading requirements of Rule 8." The district court entered judgment, and Plaintiff filed a timely notice of appeal.

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). At the same time, this Court "cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (citing *Hall*, 935 F.2d at 1110). We question whether Plaintiff's appellate brief adequately complies with Fed. R. App. P. 28. *See id.* at 840–41. Nevertheless, we liberally construe Plaintiff's brief to argue the district court erred in dismissing his complaint because of his failure to comply with Rule 8.

Rule 8 requires, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" As Plaintiff's amended complaint clearly

fails to meet this standard, the district court appropriately dismissed the complaint. Where the district court accurately analyzes an issue, we see no useful purpose in writing at length.  We AFFIRM for substantially the same reasons set forth in the district court's order of dismissal.  Plaintiff's motion to proceed in forma pauperis is DENIED.

Entered for the Court,


Bobby R. Baldock
United States Circuit Judge