FILED
United States Court of Appeals
Tenth Circuit

June 27, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

RON GATEWOOD,

  Plaintiff - Appellant,

v.

PENNICOL; BENTON, Dr.;
CUVILLE, Dr.; KAWASSAKI, Dr.;
REISS, Dr.; LOEFFER, Dr.;
BAKER, Dr.; GRABOWSKI, Dr.,

  Defendants - Appellees.

No. 17-1438
(D.C. No. 1:17-CV-02337-LTB)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **BACHARACH**, **McKAY**, and **BALDOCK**, Circuit Judges.

This appeal grew out of the district court's summary dismissal of a

pro se complaint. We affirm.

A magistrate judge determined that the complaint was unintelligible,

failed to identify a basis for subject-matter jurisdiction, and violated

---

[*] The parties do not request oral argument, and it would not materially help us to decide this appeal. As a result, we decide the appeal based on the briefs. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value under Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

federal pleading requirements. With these determinations, the magistrate judge explained that the complaint must be dismissed in the absence of subject-matter jurisdiction and told Mr. Gatewood what the statutory requirements were for jurisdiction. The magistrate judge also explained that Federal Rule of Civil Procedure 8 required Mr. Gatewood to provide

- a short and plain statement of the grounds for jurisdiction,

- a simple, concise explanation of his claims and why he is entitled to relief, and

- a statement about what he wanted the court to award.

With this explanation, the magistrate judge directed Mr. Gatewood to obtain a copy of the court-approved pro se complaint form and use it to file an amended complaint in compliance with Rule 8, cautioning that a failure to timely comply could result in dismissal of the action without further notice.

Mr. Gatewood responded by filing two unintelligible amended complaints. One was on the court's approved pro se complaint form; the other was not.

The district judge reviewed both complaints and concluded that Mr. Gatewood had failed to articulate a basis for subject-matter jurisdiction or to comply with Rule 8. Thus, the district judge dismissed the action without prejudice.

2

Mr. Gatewood appeals, but his opening brief is unintelligible. His statement of the case is "Denied. Estoppel Fed Circuit Mandate Joint – Remand." Appellant's Br. at 2 (capitalization omitted). His statement of the facts is "Judgement Award for plaintiff joint remand in short. [I]n acts Title VII discrimination Judicial Acts. Fed App. pro-se chain command." *Id.* (capitalization omitted). His first issue is "Pennicol Insurance. VA-CAVE – file relief." *Id.* at 3. His second issue is "VA-GOV-Comp." *Id.* The action requested is "Take action in off claim. workers comp. send to Pennicol SET SSA. For process." *Id.* at 4.

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But we "cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Here we cannot make sense of Mr. Gatewood's appellate brief.

As the magistrate judge and district judge explained, the Federal Rules of Civil Procedure require that a complaint

- contain "a short and plain statement of the grounds for the court's jurisdiction" and a "short and plain statement of the claim showing that the pleader is entitled to relief" and

- provide "simple, concise, and direct" factual allegations.

3

Fed. R. Civ. P. 8(a)(1)–(2), (d)(1). The amended complaints did not comply with these requirements, which permitted the district court to order dismissal. *See Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 946 (7th Cir. 2013) ("Where the lack of organization and basic coherence renders a complaint too confusing to determine the facts that constitute the alleged wrongful conduct, dismissal is an appropriate remedy." (bracket and internal quotation marks omitted)).[1]

Though the action was properly dismissed, we grant leave to proceed in forma pauperis because Mr. Gatewood cannot afford to prepay the filing fee and we have no reason to question his good faith. *See* 28 U.S.C. 1915(a)(1), (3).

Entered for the Court

Robert E. Bacharach
Circuit Judge

---

[1] We note that we have previously affirmed the dismissal of unintelligible complaints filed by Mr. Gatewood. *See Gatewood v. VA GOV. Comp.*, 711 F. App'x 485 (10th Cir. 2018) (affirming the dismissal of unintelligible complaint); *Gatewood v. Veterans Affairs*, 514 F. App'x 755 (10th Cir. 2013) (same).